```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

MR. KENDRICK FELTON SHORTS                  CIVIL ACTION

VERSUS                                      NUMBER: 06-1793

PRISON, ET AL.                              SECTION: "A"(5)
```

## REPORT AND RECOMMENDATION

The above-captioned matter came before the undersigned pursuant to Local Rule 72.1E(B)(1) for a determination of pauper status under 28 U.S.C. §1915.

A review of plaintiff's complaint reveals a rambling explication of events to which he has been a party in the past. No individuals or entities capable of being sued are specifically named as defendants in plaintiff's complaint nor is the basis of the Court's jurisdiction identified.

Rule 8(a) of the Federal Rules of Civil Procedure provides that "[a] pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader

seeks." While a plaintiff is not required to set out in detail all the facts upon which he bases his claim, the Federal Rules do require a short and plain statement of the claim being asserted so as to give the defendants fair notice of the claim and the grounds upon which it rests. Boudeloche v. Grow Chemical Coatings Corp., 728 F.2d 759, 761-62 (5th Cir. 1984); In Re Santa Barbara Like It is Today Copyright, 94 F.R.D. 105 (D.Nev. 1982). A complaint which violates Rule 8 may be dismissed when it is ". . . so verbose, confused and redundant that its true substance, if any, is well disguised." Corcoran v. Yorty, 347 F.2d 222, 223 (9th Cir.), cert denied, 382 U.S. 966, 86 S.Ct. 458 (1965); Lowery v. Hauk, 422 F.Supp. 490, 491-92 (C.D. Cal 1976).

   Reading plaintiff's complaint in the liberal manner afforded to pro se pleadings, it is obvious that it is so rambling, confusing, and vague that its true substance, if any, is impossible to ascertain. Defendant(s) cannot reasonably be expected to respond to such an unintelligible pleading. It will therefore be recommended that plaintiff's complaint be dismissed without prejudice unless he amends said complaint within twenty (20) days to set forth a comprehensible cause of action.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's complaint be dismissed without prejudice unless, within twenty (20) days of today's date, he amends said complaint to set forth a comprehensible cause of action.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to objection. <u>Douglass v. United States Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this  12th  day of July, 2006.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE